### E. SUMMERLIN *v.* THE STATE.

1. CONTINUANCE. — In a showing for a continuance on account of the absence of a witness, it is not sufficient to state that the affiant procured an attachment for the witness, without alleging what was done with the attachment.

2. SAME. — A showing for a continuance is defective if, instead of setting out the facts which an absent witness is expected to prove, it states mere general conclusions of mixed law and fact.

3. CARRYING WEAPONS. — A justice's court in session and engaged in a trial is a "public assembly" within the meaning of the 3d section of the act of 1871, "to regulate the keeping and bearing of deadly weapons."

4. SAME. — An information based upon the 3d section of said act need not negative the several exceptions provided to the 1st section, but only the single exception embodied in the 3d section itself — to wit, that the accused was "an officer of the peace." Nor does it devolve upon the state to prove that the accused was not such an officer. If he was such an officer, that fact was provable by himself in his defense.

APPEAL from the County Court of DeWitt. Tried below before the Hon. O. L. THRELKELD, County Judge.

The opinion states the case.

*R. Kleberg*, for the appellant. The information charges the defendant with going into a court of justice and having a pistol about his person in said court. I submit that a court of justice is not a public assembly within the meaning

of the statute, as it has not been enumerated as such with other public assemblies distinctly mentioned and defined by section 3, page 25, Acts of Twelfth Legislature. The information should, therefore, have alleged all the negatives contained in section 1 of that act, or at least such as could be legally and reasonably set up as a defense; as, that the defendant was not a militiaman in actual service, or that he was not on his own premises or place of business, or that he was not in danger of an attack, etc. All these exceptions are contained in the enacting clause of the act, and I submit that they should have been negatived in the information, according to well-established precedent. *Hewitt* v. *The State*, 25 Texas, 722; 1 Whart. Cr. Law, sec. 379; 42 Texas, 459.

I submit that, the information having negatived but one exception — to wit, that defendant was not " an officer of the peace " — the state should have proved the same, as that was no part of the enacting clause, but a substantive, isolated, and material allegation.

*W. B. Dunham*, for the State.

ECTOR, P. J. The defendant was tried on an information for going into a justice's court, in DeWitt County, having on his person a pistol, said court then and there being a public assembly. The information also charged that the defendant was not a peace officer at the time.

We think the court did not err in overruling the defendant's application for a continuance. It is not sufficient, in an application for continuance, to state that affiant caused an attachment for the absent witness to issue; he should state what was done with the attachment after it was issued. It is not shown that the attachment was placed in the post-office. For aught that appears, the defendant may have procured the issuance of the attachment and then kept it in

his own possession. *Murray* v. *The State*, 1 Texas Ct. App. 417, and authorities therein cited. The application is also defective in stating general conclusions of mixed law and fact, without setting out the facts intended to be proved by the witness.

The information was found under article 6514, Paschal's Digest. It negatives the only exception named in said article, to wit, that the defendant was a peace officer at the time. This is all that is required. See *Owens* v. *The State*, decided during the present term of the court, *ante*, p. 404.

The exceptions to the information were properly overruled. A statement in it of the facts necessary to constitute the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended to be charged, is all that is required. That was made in the information.

The evidence shows that the pistol was found on defendant's person in a justice's court which was in session and engaged in the trial of a cause. We believe the proof clearly shows that the justice's court was then "a public assembly" within the meaning of the law.

That defendant was not a peace officer at the time, being an averment of fact peculiarly within defendant's knowledge so that he could have no difficulty in showing the truth, no proof of such averments on the part of the state would be required. In the absence of proof, the presumption would be against the existence of facts so exceptional in their nature. *The State* v. *Duke*, 42 Texas, 455 ; *The Commonwealth* v. *Hart*, 11 Cush. 130.

This disposes of all the errors assigned.

The judgment of the County Court is affirmed.

*Affirmed.*